Judge Lane
pronounced the opinion of the court:
As Samuel P. Campbell was unmarried at the execution of the deed of trust, the rights created under it consisted, if it took effect, in a legal estate, in fee to the trustees, and a vested equitablo-estate in Samuel P. Campbell, with successive contingent equitable- *508 remainders to the heirs of his body, to Robert Campbell, and the -heirs of his body, and to certain children of Samuel Campbell.
Equitable estates in land are subjected, in courts of equity, to the same rules which govern legal estates in courts of law. 2 Bl. Com. 337; 4 Kent’s Com. 302. The plaintiffs estate created by this deed, being a contingent remainder, depended upon the trustees’ legal fee, and upon the equitable freehold of Samuel P. Campbell, as a particular estate, and it was liable to be defeated by any act which should destroy these estates before the happening ol the contingency. “ Wherever there is an estate for life, and contingent estates depending on it, the tenant for life may not only by death, but by surrender, alienation, and other methods) determine his own estate before the remainder vests, the consequence of which is, he utterly defeats them all.” 2 Bl. Com. 171-A feoffment with lively, in many cases, may work this effect, but the chief instrument is a recovery, whose great value, as a corn-mon assurance, arises from its jiower to defeat ^remainders. The doctrine by which it ojierates is, that a recovery of a judg ment in a real action against a tenant to the precipe seized of the freehold, besides him, all contingent estates depending on his estate, and all vested remainders where owners are made parties by aid prayer. 2 Bl. Com. 171, 362; Co. Lit. 362; 8 Ohio, 106.
A decree operates upon an estate in equity.